1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   THE TORRLUBE COMPANY, LLC,   )
                                  )
12             Plaintiff(s),      )     No. C07-1841 BZ
                                  )
13        v.                      )     **ORDER SCHEDULING JURY TRIAL**
                                  )     **AND PRETRIAL MATTERS**
14   TEC-LUBE INDUSTRIES, INC.,   )
     et al.,                      )
15                                )
               Defendant(s).      )
16   ─────────────────────────────)

17        Following the Case Management Conference, **IT IS HEREBY**

18   **ORDERED** that the Case Management Statement is adopted, except

19   as expressly modified by this Order.  It is further **ORDERED**

20   that:

21   1.   <u>DATES</u>

22   Trial Date: **Monday, 3/17/2008, 5 days**

23   Pretrial Conference: **Tuesday, 3/04/2008, 3:00 p.m.**

24   Last Day to Hear Dispositive Motions: **Wednesday, 1/23/2008**

25   Last Day for Expert Discovery: **Friday, 12/14/2007**

26   Last Day for Expert Disclosure: **Friday, 12/7/2007**

27   Close of Non-expert Discovery: **Friday, 11/30/2007**

28        Plaintiff will file its motion for leave to file an

1   amended complaint by **Friday, July 20, 2007.**  Any opposition

2   will be filed by **July 30, 2007,** and any reply by **August 3,**

3   **2007.**  If necessary, the Court will schedule a hearing on the

4   motion.

5   2.   <u>DISCLOSURE AND DISCOVERY</u>

6        The parties are reminded that a failure to voluntarily

7   disclose information pursuant to Federal Rule of Civil

8   Procedure 26(a) or to supplement disclosures or discovery

9   responses pursuant to Rule 26(e) may result in exclusionary

10  sanctions.  Thirty days prior to the close of non-expert

11  discovery, lead counsel for each party shall serve and file a

12  certification that all supplementation has been completed.

13       In the event a discovery dispute arises, **lead counsel** for

14  each party shall meet in person or, if counsel are outside the

15  Bay Area, by telephone and make a good faith effort to resolve

16  their dispute.  Exchanging letters or telephone messages about

17  the dispute is insufficient.  The Court does not read

18  subsequent positioning letters; parties shall instead make a

19  contemporaneous record of their meeting using a tape recorder

20  or a court reporter.

21       In the event they cannot resolve their dispute, the

22  parties must participate in a telephone conference with the

23  Court **before** filing any discovery motions or other papers.

24  The party seeking discovery shall request a conference in a

25  letter served on all parties not exceeding two pages (with no

26  attachments) which briefly explains the nature of the action

27  and the issues in dispute.  Other parties shall reply in

28  similar fashion within two days of receiving the letter

1   requesting the conference.  The Court will contact the parties
2   to schedule the conference.
3   3.   <u>MOTIONS</u>
4        Consult Civil Local Rules 7-1 through 7-5 and this
5   Court's standing orders regarding motion practice.  Motions
6   for **summary judgment** shall be accompanied by a statement of
7   the material facts not in dispute supported by citations to
8   admissible evidence.  The parties shall file a joint statement
9   of undisputed facts where possible.  If the parties are unable
10  to reach complete agreement after meeting and conferring, they
11  shall file a joint statement of the undisputed facts about
12  which they do agree.  Any party may then file a separate
13  statement of the additional facts that the party contends are
14  undisputed.  A party who without substantial justification
15  contends that a fact is in dispute is subject to sanctions.
16       A Chambers copy of all briefs shall be submitted on a
17  diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13
18  (Windows), or may be e-mailed to the following address:
19  bzpo@cand.uscourts.gov.
20  4.   <u>MEDIATION</u>
21       This matter has been referred for mediation to be
22  conducted, if possible, within ninety days of the date of the
23  referral.  The parties shall promptly notify the Court whether
24  the case is resolved in mediation.
25  5.   <u>SETTLEMENT</u>
26       This case has been referred for assignment to a
27  Magistrate Judge to conduct a settlement conference in
28  January 2008 in the event the case is not resolved in

1  mediation.  Counsel will be contacted by that judge's chambers

2  with a date and time for the conference.

3  6.   <u>PRETRIAL CONFERENCE</u>

4       Not less than thirty days prior to the date of the

5  pretrial conference, the parties shall meet and take all steps

6  necessary to fulfill the requirements of this Order.

7       Not less than twenty days prior to the pretrial

8  conference, the parties shall: (1) serve and file a joint

9  pretrial statement, containing the information listed in

10  **Attachment 1**, and a proposed pretrial order; (2) serve and

11  file trial briefs, <u>Daubert</u> motions, motions <u>in</u> <u>limine</u>,

12  proposed findings of fact and conclusions of law, and

13  statements designating excerpts from discovery that will be

14  offered at trial (specifying the witness and page and line

15  references); (3) exchange exhibits, agree on and number a

16  joint set of exhibits and number separately those exhibits to

17  which the parties cannot agree; (4) deliver all marked trial

18  exhibits directly to the courtroom clerk, Ms. Scott; (5)

19  deliver one <u>extra</u> set of all marked exhibits directly to

20  Chambers; and (6) submit all exhibits in three-ring binders.

21  Each exhibit shall  be marked with an exhibit label as

22  contained in **Attachment 2**.  The exhibits shall also be

23  separated with correctly marked side tabs so that they are

24  easy to find.

25       No party shall be permitted to call any witness or offer

26  any exhibit in its case in chief that is not disclosed at

27  pretrial, without leave of Court and for good cause.

28       Lead trial counsel for each party shall meet and confer

1  in an effort to resolve all disputes regarding anticipated

2  testimony, witnesses and exhibits.  All _Daubert_ motions,

3  motions <u>in</u> <u>limine</u>, and objections will be heard at the

4  pretrial conference.  Not less than ten days prior to the

5  pretrial conference, the parties shall serve and file any

6  objections to witnesses or exhibits or to the qualifications

7  of an expert witness.  _Daubert_ motions and motion <u>in</u> <u>limine</u>

8  shall be filed and served not less than twenty days prior to

9  the conference.  Oppositions shall be filed and served not

10  less than ten days prior to the conference.  There shall be no

11  replies.

12       Not less than twenty days prior to the pretrial

13  conference the parties shall serve and file requested voir

14  dire questions, jury instructions, and forms of verdict.  The

15  following jury instructions from the _Manual of Model Civil_

16  _Jury Instructions for the Ninth Circuit_ (1997 ed.) will be

17  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

18  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

19  shall submit a joint set of case specific instructions.  Any

20  instructions on which the parties cannot agree may be

21  submitted separately.  The Ninth Circuit Manual should be used

22  where possible.  Each requested instruction shall be typed in

23  full on a separate page with citations to the authority upon

24  which it is based.  Proposed jury instructions taken from the

25  Ninth Circuit Manual need only contain a citation to that

26  source.  Any modifications made to proposed instructions taken

27  from a manual of model instructions must be clearly indicated.

28  In addition, all proposed jury instructions should conform to

1   the format of the Example Jury Instruction attached to this

2   Order.  Not less than ten days prior to the pretrial

3   conference, the parties shall serve and file any objections to

4   separately proposed jury instructions.

5        Jury instructions that the Court has given in prior cases

6   may be downloaded from the Northern District website at

7   **http:\\www.cand.uscourts.gov**.  (Instructions are located on

8   the "Judge Information" page for Magistrate Judge Zimmerman.)

9   The Court will generally give the same instructions in cases

10  involving similar claims unless a party establishes, with

11  supporting authorities, that the instruction is no longer

12  correct or that a different instruction should be given.  CACI

13  instructions generally will be given instead of BAJI

14  instructions.

15       All proposed jury instructions, <u>Daubert</u> motions, motions

16  <u>in</u> <u>limine</u>, forms of verdict and trial briefs shall be

17  accompanied by a floppy diskette containing a copy of the

18  document formatted in WordPerfect 6.1, 8, 9, 10 or 13

19  (Windows), or may be e-mailed to the following address:

20  bzpo@cand.uscourts.gov.

21       At the time of filing the original with the Clerk's

22  Office, two copies of all documents (but only one copy of the

23  exhibits) shall be delivered directly to Chambers (Room 15-

24  6688).  Chambers' copies of all pretrial documents shall be

25  three-hole punched at the side, suitable for insertion into

26  ///

27  ///

28  ///

1   standard three-ring binders.

2   Dated: July 10, 2007

3   _____
4                   Bernard Zimmerman
         United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____

_____'s Proposed Instruction No. _____.
(Party)

                            [Title]

[Text]

[Authority]

_____ GIVEN    _____ REFUSED    _____ GIVEN AS MODIFIED

## ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

(A)  Witnesses to be Called. In lieu
     of FRCP 26(a)(3)(A), a list of
     all witnesses likely to be
     called at trial, other than
     solely for impeachment or
     rebuttal, together with a brief
     statement following each name
     describing the substance of the
     testimony to be given.

(B)  Estimate of Trial Time. An
     estimate of the number of court
     days needed for the presentation
     of each party's case, indicating
     possible reductions in time
     through proposed stipulations,
     agreed statements of facts, or
     expedited means of presenting
     testimony and exhibits.

(C)  Use of Discovery Responses. In
     lieu of FRCP 26(a)(3)(B), cite
     possible presentation at trial
     of evidence, other than solely
     for impeachment or rebuttal,
     through use of excerpts from
     depositions, from interrogatory
     answers, or from responses to
     requests for admission.  Counsel
     shall state any objections to
     use of these materials and that
     counsel has conferred respecting
     such objections.

(D)  Further Discovery or Motions. A
     statement of all remaining
     motions, including motions in
     limine.

(4) **Trial Alternatives and Options.**

(A)  Settlement Discussion. A
     statement summarizing the status
     of settlement negotiations and
     indicating whether further
     negotiations are likely to be
     productive.

(B)  Amendments, Dismissals. A
     statement of requested or
     proposed amendments to pleadings
     or dismissals of parties, claims
     or defenses.

(C)  Bifurcation, Separate Trial of

10

Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

**USDC**
Case No. CV07-01841 BZ
**JOINT** Exhibit No._____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-01841 BZ
**JOINT** Exhibit No. _____
Date Entered  _____

Signature _____

---

**USDC**
Case No. CV07-01841 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No.  CV07-01841 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No.  CV07-01841 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-01841 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-01841 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-01841 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-01841 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-01841 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-01841 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV07-01841 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---

12